GARY AND MICHELLE GOODNIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodnight v. Commissioner
Docket No. 35601-83.
United States Tax Court
T.C. Memo 1987-604; 1987 Tax Ct. Memo LEXIS 603; 54 T.C.M. (CCH) 1272; T.C.M. (RIA) 87604; December 8, 1987; As amended December 9, 1987; As amended December 10, 1987 Michelle Goodnight, pro se. Lenore Lambert, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code (redesignated sec. 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755), and Rules 180, 181, and 182. [1] *604 Respondent determined a deficiency in petitioners' Federal income tax for 1981 in the amount of $ 3,213, together with an addition to tax under section 6653(a)(1) in the amount of $ 160.65 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 3,213. Respondent's determination of a deficiency arose as a result of his disallowance of a charitable contribution deduction to the Universal Life Church in the amount of $ 14,920. Some of the facts are stipulated and they are incorporated herein by reference. Petitioners resided at Canoga Park, California, when they timely filed their petition herein. Petitioners made alleged contributions to the Universal Life Church in the total amount of $ 14,920. By stipulation they have conceded they are not entitled to $ 13,463 of that amount as a charitable contribution. They contend, however, that they are entitled to deduct the balance of the claimed amount, $ 1,457, *605 as fees paid for tax advise. The record is clear that petitioners wrote several checks payable to Universal Life Church Charter 23557. One of these was for $ 1,250 and there were nine of them for $ 23 each, for a total of $ 1,457. Petitioners were told that the original $ 1,250 payment was for anything involved with taxes, that the Chapter would represent them, and that the balance of $ 23 per month constituted dues paid for the same purpose. After making the nine monthly payments, petitioners became disenchanted with the Universal Life Church program and discontinued payments. The check for $ 1,250 was marked "donation" on the front. Petitioners were to be represented by Darrel Rippy, an attorney. They did not, however, make any payments to him directly nor did they meet with him. They did have conversations about their case with persons in his office. Petitioners gave Mr. Rippy their power of attorney. We take judicial notice of the fact that Mr. Rippy is a member of the California bar and also of the bar of this Court. We also note that Mr. Rippy filed the petition in the case at bar on behalf of petitioners, as well as the request for place of trial in Los Angeles, *606 California. Further, Mr. Rippy has represented a very large number of other petitioners in this Court who have had contested charitable contributions to the Universal Life Church. See, e.g., . Section 212(3) of the Code allows in the case of an individual the deduction of all the ordinary and necessary expenses paid "in connection with the determination, collection, or refund of any tax." Respondent contends that the costs for advice for tax evasion have been held to be not deductible, citing , affg. (costs of American Law Association seminar on how to avoid taxes); (costs of written materials dealing with the establishment of a family trust); , and (costs of written materials dealing with the establishment of a family trust). Morrison, we note, does not stand for the proposition for which it is cited by respondent. *607 We held in a Memorandum Opinion of this Court, , that amounts allegedly paid to a representative of the Universal Life Church for advice in regard to making contributions to that organization were not deductible under section 212(3) as expenses incurred in connection with the determination, collection or refund of any tax. There, as here, we noted that the check faces were marked "donation." See also , in regard to payments made to the Freedom Church of Revelation. The facts in Kitcher are remarkably similar to those at bar. We held there that the taxpayers bore the burden of proving that tax services were actually rendered and that they were deductible items under section 212(3). As we stated in Kitcher:
Petitioners candidly testified that they thought the $ 5,100 was a good investment if they never had to pay any more taxes. Petitioners now acknowledge that this "pie-in-the-sky" scheme won't work, but they shamelessly ask the rest of the taxpaying public to share the expense of their failed tax avoidance scheme by trying to label the expense as *608 a payment for tax advice and legal representation. Petitioners have failed to trace any portion of the amounts which they paid the Universal Life Church charter to Mr. Rippy. The record contains no indication that Mr. Rippy received any amount whatsoever from petitioners in connection with the commencement of this action herein. It was their burden to prove that respondent's determination was incorrect. ; Rule 142(a). They have failed to do so. Petitioners placed no evidence into the record in regard to respondent's determination of additions to tax under section 6653(a). The burden of proving these additions are improper rests on petitioners and how they have failed to meet their burden. They have failed to show that the underpayments were not due to negligence or intentional disregard of rules and regulations. See ; . We find that they were negligent in claiming these deductions and that all of the underpayment was due to negligence. Respondent has requested that we impose an award *609 of damages under the provisions of section 6673 of the Code. That section provides that this Court shall award damages to the United States not in excess of $ 5,000 where it appears to the Court that the proceedings before it has been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. We have carefully considered the facts and circumstances of this case and have determined, in our discretion, to deny respondent's request for the imposition of damages. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩